STATE OF WEST VIRGINIA

*In re* **R.H., K.H., and B.R.**

**No. 18-0251** (Wood County 17-JA-214, 17-JA-215, and 17-JA-216)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.B., by counsel Jessica E. Myers, appeals the Circuit Court of Wood County's February 16, 2018, order terminating her parental rights to R.H., K.H., and B.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Debra L. Steed, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 17, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner's substance abuse caused her to be incapable of caring for the children. The petition also alleged that petitioner tested positive for multiple illicit substances just prior to the youngest child's birth. At birth, the child's urine tested positive for amphetamines and methamphetamines. Petitioner waived her preliminary hearing. On November 3, 2017, the circuit court held an adjudicatory hearing, and petitioner stipulated to the allegations of abuse and neglect. The circuit court granted petitioner a post-adjudicatory improvement period and ordered that she submit to random drug screens, complete parenting and adult life skills education, and complete substance abuse and psychological evaluations. On January 5, 2018, the circuit court held a review hearing on petitioner's post-adjudicatory improvement period. Petitioner did not attend the hearing, but was represented by counsel. The DHHR moved for the proceedings to be set for disposition due

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

to petitioner's "lack of appearance and participation." The circuit court granted the DHHR's motion and set the dispositional hearing.

On February 14, 2018, the circuit court held a dispositional hearing. The DHHR presented evidence that petitioner failed to participate in any services offered to her. Petitioner admitted that she abused substances during her pregnancy with the youngest child and that she did not follow-up with her prenatal appointments after she was thirty weeks pregnant. She further admitted that she abused substances during the proceedings, failed to participate in her post-adjudicatory improvement period, failed to participate in any services provided by the DHHR, and failed to secure a stable home. Petitioner testified that she had taken steps to enter into a rehabilitation facility, but had yet to enroll in the program. The circuit court took note of petitioner's November 3, 2017, drug screen that was positive for methamphetamine and amphetamine. In its order following the dispositional hearing, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of petitioner's parental rights was in the children's best interests. The circuit court ultimately terminated petitioner's parental rights in its February 16, 2018, dispositional order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in finding no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near

---

[2]The parental rights of the father of R.H. and K.H. were terminated. According to the DHHR, the permanency plan for R.H. and K.H. is adoption into their current foster home. B.R.'s father is currently participating in abuse and neglect proceedings. According to the DHHR, the permanency plan for B.R. is reunification with his father, pending the outcome of the father's abuse and neglect proceedings. B.R.'s concurrent permanency plan is adoption into his current foster home.

future. West Virginia Code § 49-4-604(c)(1) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment[.]"

Here, petitioner admitted to abusing substances just prior to the youngest child's birth, continued to abuse substances throughout the proceedings, and failed to participate in drug screens. Additionally, petitioner failed to participate in services such as parenting and adult life skills education, a substance abuse evaluation, and a psychological evaluation during her post-adjudicatory improvement period. Further, although she claimed that she had made arrangements to enter into a rehabilitation program on the day of the dispositional hearing, petitioner made no effort to seek help for her addiction before that time. Based on this evidence, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Therefore, we find petitioner is not entitled to relief in this regard.

While petitioner argues that the circuit court erred in terminating her parental rights, West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. As discussed above, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future due to her substance abuse. Additionally, because her substance abuse impaired her ability to properly parent the children and because petitioner failed to secure stable housing, termination of her parental rights was necessary for the children's welfare. Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

Finally, although petitioner argues that the circuit court should have granted her a less-restrictive dispositional alternative, such as termination of only her custodial rights, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). As discussed above, there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and termination of her parental rights was in the children's best interests. As such, termination of petitioner's parental rights was proper.

Lastly, due to the ongoing nature of B.R.'s father's abuse and neglect proceedings, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va. Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 16, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

4

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating